IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK J. VANDENBURGH,

    Plaintiff,                        No. CIV S-09-1307 DAD P

    vs.

ANDREW HENDRIX, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $6.00 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's inmate trust account and forward it

1

to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's inmate trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

I. Screening Requirement

The court is required to screen complaints brought by prisoners and inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. Plaintiff's Complaint

In his complaint plaintiff alleges as follows.  On April 9, 2008, plaintiff was interviewed by defendant Detective Hendrix of the Solano County Sheriff's Office.  Defendant Hendrix asked plaintiff if he had written letters to the victim and a witness in his criminal case.  Plaintiff admitted to writing the letters but denied that he was attempting to influence the testimony of the individuals he had written to.  Plaintiff states that he was unaware that the victim had obtained a temporary restraining order prohibiting him from contacting the victim, and that his letters to her would be a violation of the restraining order.  Defendant Hendrix informed plaintiff he had a search warrant to collect all of plaintiff's mail for purposes of conducting a handwriting comparison.  Defendants Detective Raymos and Evidence Technician Lee then seized all of plaintiff's papers, including his legal mail.

Plaintiff seeks relief based upon the following claims:  (1) a First Amendment violation based on the seizure of his legal papers deprived plaintiff the right to petition the government for redress of grievances; (2) a Fourth Amendment violation based on the unreasonable search and seizure of his papers; (3) a Fifth Amendment violation because plaintiff's property was taken without due process; (4) a Sixth Amendment violation because seizing plaintiff's legal papers violated the attorney-client privilege and interfered with plaintiff being provided the effective assistance of counsel in his criminal proceedings; and (5) an equal protection violation because defendant Hendrix he should have known that legal materials would be seized.

In terms of relief, plaintiff seeks an order barring the use of his seized legal materials in any criminal proceeding and an unspecified amount of monetary damages.

3

III. <u>Discussion</u>

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

4

longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Below, the court will provide plaintiff with guidance with respect to the legal standards applicable to each of the claims he has attempted to present.

### A. Access to Courts Claim

"Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts."  Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2005) (citing Lewis v. Casey, 518 U.S. 343, 346 (1996)), vacated and remanded on other grounds, ___U.S.___, 129 S. Ct. 1036 (2009).  Since plaintiff contends that the seizure of his legal property prevented him in some way from accessing the courts, he must show: "1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit."  Id. at 1076.  As to the first requirement, plaintiff must show that he has suffered an actual injury.  In other words, plaintiff must allege facts demonstrating that defendants' actions hindered his efforts to pursue a nonfrivolous legal claim.  Id.  In any amended complaint he may elect to file, plaintiff must provide further factual allegations concerning the legal claim he was unable to pursue, and explain how the actions of specific defendants prevented him from pursuing that claim.

### B. Unreasonable Search and Seizure Claim

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that in order to recover damages for an unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must show that the conviction or sentence has been reversed or expunged.  512 U.S. at 486-87.  Here, it is not clear from plaintiff's complaint whether he was convicted in his underlying criminal case or suffered some other adverse action.  If plaintiff was convicted of charges relating to the letters he wrote, and that conviction has not been subsequently invalidated or expunged,

this action would be Heck-barred.  See Harvey v. Waldron, 210 F.3d 1008, 1016 (9th Cir. 2000) (holding that evidence seized in the allegedly unlawful search and seizure of gaming devices was an essential element of the crime of illegal possession of gaming devices with which plaintiff was charged and plaintiff's subsequently filed civil action claiming that he was subjected to an illegal search and seizure was barred under Heck); Samson v. Violett, No. C 07-03923 CW (PR), 2008 WL 5047687, at *2 (N.D. Cal. Nov. 25, 2008) ("[A]n action under 42 U.S.C. § 1983 seeking damages for an alleged illegal search and seizure upon which criminal charges are based is barred by Heck until criminal charges have been dismissed or the conviction has been overturned.").

In his amended complaint, plaintiff must provide further factual allegations regarding the disposition of his criminal cases, what hand-writing evidence was used against him in that criminal prosecution, whether any of the legal documents he alleges were unlawfully seized were admitted into evidence in those criminal proceedings, and whether any criminal resulting conviction has been reversed or expunged.

### C.  Plaintiff's Other Claims

Plaintiff's remaining claims appear to be without merit.  As to his Fifth Amendment claim, plaintiff is not entitled to a hearing or other procedural due process prior to the execution of a search once a search warrant has been issued.  His remedy was to file a motion to suppress evidence or for return of property in his criminal case.  Therefore, plaintiff should not reassert this claim in any amended complaint he elects to file.

As to the claim brought under the Sixth Amendment, plaintiff argues that his right to the effective assistance of counsel was hindered when his legal papers were seized.  Plaintiff's remedy in this regard was to present a claim of ineffective assistance of counsel on appeal from any conviction or in a habeas action collaterally attacking his conviction.  Therefore, plaintiff should not reassert this claim in his amended complaint.

Plaintiff's equal protection claim also appears to lack merit.  Plaintiff has not alleged that defendant Hendrix's actions were discriminatory or that plaintiff was treated

differently based on his membership in a suspect class.  See Lee v. City of Los Angeles, 250 F.3d 668, 686-87 (9th Cir. 2001).  Therefore, prior to filing any amended complaint, plaintiff should assess whether he can in good faith allege facts that would cure this deficiency.  If not, he should eliminate this claim from any amended complaint.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 12, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $6.00.  All fees shall be collected and paid in accordance with this court's order to the Sheriff of the Solano County Sheriff's Department filed concurrently herewith.

3. Plaintiff's complaint (Doc. No. 1) is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: December 2, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
vand1307.14